# EXHIBIT 4

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JAN 1 0 2018

RICK WARREN
COURT CLERK

JENNY CLOUGH,

    Plaintiff,

vs.

WESTERN-SHAMROCK CORPORATION,

    Defendant.

Case No. CJ-2018-

40_____

CJ-2018-207

## PETITION

Plaintiffs, Jenny Clough, brings this cause of action against Western-Shamrock Corporation ("Western-Shamrock") and states as follows:

### Nature of Action & Introduction

1. Plaintiff files this action seeking damages for Defendant's unlawful termination of Plaintiff's employment.

2. Defendants based its decision to terminate Plaintiff's employment on Plaintiff's sex and Plaintiff's pregnancy.

### Jurisdiction and Venue

3. All of the claims herein arose in Oklahoma County, Oklahoma.

4. Defendant conducts business in Oklahoma County, Oklahoma.

5. Defendant may be served in Oklahoma County, Oklahoma.



EXHIBIT 4

## Facts

6. Defendant hired Plaintiff as a branch manager on or about May 6, 2013.

7. Plaintiff notified the Defendant of her pregnancy on or about November 1, 2016.

8. On or about November 16, 2016, Plaintiff was terminated for a new policy that was just implemented, or more particularly put, always in place, but never enforced until Ms. Clough's violation.

9. According to the responsive document presented to the Oklahoma Employment Security Commission, it states she was discharged because "on November 14, 2016, an internal auditor did a surprise cash drawer audit and Ms. Clough's cash drawer was $150 short. She was unable to explain why she was short."

10. Plaintiff was terminated for this action despite Plaintiff's exemplary employee record and it being the first time Plaintiff's drawer was allegedly short during her three plus years of employment.

11. Plaintiff witnessed, on multiple occasions, other employees having drawers that were short. Defendant did not terminate those

employees and rarely disciplined them for the same action on various occasions.

12. Defendant would often subtract the amount an employee was short from their next paycheck.

13. Ms. Clough had no negative performance evaluations or corrective actions prior to her termination.

14. Non-pregnant employees were not terminated for allegedly short drawers.

## Relief Requested

15. Defendant must pay Plaintiff all lost earnings, past and future. This amount has not been calculated as of this date. Plaintiff anticipates hiring an economist for proper calculation of this element of damages.

16. Defendant must pay compensatory damages including, but not limited to, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, which amounts to the statutory maximum of $300,000.00.

17. Defendant's actions were willful, wanton, or, at the least, in reckless disregard of Plaintiff's rights; therefore, Plaintiff is entitled to punitive damages.

18. Defendant must pay Plaintiff her attorneys' fees, costs, and all other relief Plaintiff is entitled to because of Defendant's actions. This

amount has yet to be fully determined and increases as the case progresses.

## Demand for a Jury Trial

19. The Plaintiff demands a jury trial for all issues of fact presented by this action.

Respectfully submitted,

D. Colby Addison, OBA #32718
LAIRD HAMMONS LAIRD, PLLC
1332 SW 89th Street
Oklahoma City, OK 73159
Telephone: 405.703.4567
Facsimile: 405.703.4067
E-mail:   colby@lhllaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**