# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JENNY CLOUGH,              )
                                      )
            Plaintiff,        )
                                        )
vs.                                  )     Case No. CIV-18-00133-M
                                        )
WESTERN-SHAMROCK       )
CORPORATION,             )
                                        )
            Defendant.     )

## <u>ORDER</u>

Before the Court is defendant's Motion to Dismiss and Compel Arbitration, originally filed February 20, 2018. Plaintiff then filed her response on March 13, 2018, and on March 20, 2018, defendant filed its reply. Plaintiff, however, also amended her complaint on March 13, 2018—prompting defendant to renew its Motion to Dismiss and Compel Arbitration on March 27, 2018. On April 17, 2018, plaintiff filed her response, and on April 24, 2018, defendant filed its reply. Upon review of the parties' submissions, the Court makes its determination.

### I. Introduction

Plaintiff, a former employee of defendant, was terminated May 6, 2013. She thereafter filed suit in Oklahoma County District Court, alleging unlawful termination based on Plaintiff's sex and pregnancy.[1] Defendant subsequently removed the case to this Court, and then moved to dismiss plaintiff's complaint and compel arbitration—arguing that plaintiff voluntarily signed an agreement to arbitrate these disputes in Tom Green County, Texas.

In response, plaintiff contends that the arbitration agreement is unenforceable because it would expose her to prohibitively high legal and travel fees, undermining her ability to effectively

---

[1] Plaintiff amended her complaint on March 13, 2018 to include claims under both Title VII and the Fair Labor Standards Act ("FLSA").

vindicate her legal rights. Defendant claims, however, that these fees would not be prohibitive and that the agreement establishes that defendant would pay for most of the costs unless plaintiff's claim is found to be frivolous.

## II. Discussion

The Tenth Circuit has recognized that the Federal Arbitration Act ("FAA") and common law have created a presumption in favor of arbitration. *See Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998). "This presumption in favor of arbitrability also applies where a party bound by an arbitration agreement raises claims founded on statutory rights." *Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793, 797 (10th Cir. 1995). This presumption, however, falters "if the terms of an arbitration agreement actually prevent an individual from effectively vindicating his or her statutory rights." *Nesbitt v. FCNH, Inc.,* 811 F.3d 371, 377 (10th Cir. 2016) (quoting *Shankle v. B-G Maint. Mgmt. of Colorado, Inc.*, 163 F.3d 1230, 1234 (10th Cir. 1999)); *See also Talley v. Brinker Oklahoma, Inc.*, No. 16-cv-00451, 2016 WL 4523919 (W.D.Okla. August 22, 2016).

In *Nesbitt*—which plaintiff cites in support of her position—the court determined that the arbitration agreement in question was unenforceable, and plaintiff was permitted to bring her FLSA claim in federal court. 811 F.3d 371, 381. In arriving at its conclusion, the court mainly relied on (1) the fact that the arbitration agreement required plaintiff to pay some of the arbitration fees, and (2) the fact that the arbitration agreement was "internally inconsistent and thus ambiguous" regarding whether plaintiff had the opportunity for an award of attorney's fees if her case was successful. *Id*. at 380. The court found the latter point significant—noting that plaintiff would unambiguously have that opportunity in federal court under the FLSA. *Id*. This ultimately led the court to deny the defendant's motion to compel arbitration.

In *Talley*, also cited by plaintiff, the court was faced with an arbitration agreement that would have required the plaintiff to arbitrate her Title VII claim. WL 4523919 at 1. In that case, the court was persuaded by the fact that the arbitration agreement left plaintiff responsible for bearing her own legal costs "unless otherwise awarded by the arbitrator." *Id*. at 5. The court found this significant in light of Title VII's allowance of attorney's fees to a prevailing plaintiff, and plaintiff's testimony that she could not afford these costs. *Id*.; *see* 42 U.S.C. § 2000e-5(k). Yet "[u]nder the instant Agreement to Arbitrate, [plaintiff] runs the risk that even if she prevails before the arbitrator she will 'bear . . . [her] own [legal] fees and expenses [.]'" *Talley*, WL 4523919 at 5. Accordingly, the court found the arbitration agreement unenforceable against plaintiff.

In this case, the arbitration agreement in question is similar to the agreements in *Nesbitt* and *Talley*. After becoming effective in 2007, agreement to its terms essentially became a condition of employment for defendant, and thus mandatory for all employees. [docket no. 11-1 at 2]. The agreement covers "disputes arising from or related to the employment relationship" between defendant and its employees. *Id*. at 1. It requires that the parties agree to arbitrate their claims in Tom Green County, Texas "pursuant to the National Rules for Employment Disputes of the American Arbitration Association ("AAA")." *Id*. Notably, the agreement appears to require defendant to pay for the arbitration fees: "Except as otherwise set forth in this Agreement, the expenses and fees of the arbitrator, and of the court reporter, if any, will be paid by the Company." *Id*. Elsewhere in the agreement, however, these costs are required to be paid "as set out in the AAA rules," except in cases of bad faith or frivolous claims, in which the arbitrator could assign all or most of the costs to the employee. *Id*. at 2. Perhaps most importantly, the agreement provides that each party "will be responsible for its respective attorneys' fees unless otherwise ordered by the arbitrator." *Id*.

Having carefully reviewed the briefs and arguments of both parties, the Court finds that this arbitration agreement is not enforceable against plaintiff. Specifically, the Court finds that the same concerns raised in *Nesbitt* and *Talley* are prominent here. First, similar to *Nesbitt*, the agreement here is "internally inconsistent" regarding the payment of arbitration fees. One provision requires defendant to pay them, while another leaves payment of the fees subject to AAA rules, which do require plaintiff to pay for some of her own fees.[2] Moreover, plaintiff in this case raises claims under both Title VII and the FLSA—each of which provide the opportunity for the award of legal fees upon a favorable judgment. Yet the agreement requires plaintiff to bear her own legal fees unless otherwise ordered by the arbitrator. This leaves open the possibility that plaintiff may be forced to bear the brunt of her legal fees even if she wins a favorable judgment through arbitration—mirroring the concerns expressed in *Nesbitt* and *Talley*. Finally, the arbitration agreement requires travel to another state, and plaintiff has testified that this would greatly burden her financially. *See* Clough Affidavit ¶¶ 6-8 [docket no. 9-1]. Accordingly, the Court finds that this arbitration agreement would prevent plaintiff from effectively vindicating her rights, rendering it unenforceable.

---

[2] "Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator." AAA, National Rules for the Resolution of Employment Disputes, Rule 40 (2003). Moreover, these rules require the parties to pay for their own witnesses and filing fees. *See id.* at Rule 39 and Administrative Fee Schedule.

III. Conclusion

For the reasons set forth above, the Court DENIES Defendant Western-Shamrock's Motion to Dismiss and Compel Arbitration [docket nos. 7 and 11].

**IT IS SO ORDERED this 31st day of August, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE